1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HENRY NGO WU,                )    No. C 07-1438  MMC (PR)
                             )
                Petitioner,  )    **ORDER GRANTING MOTION TO**
                             )    **DISMISS**
        vs.                  )
                             )    **(Docket No. 7)**
BEN CURRY,                   )
                             )
                Respondent.  )
_____)

On May 3, 2007, petitioner, a California prisoner incarcerated at the Correctional

Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  On June 11, 2007, after reviewing the petition,

the Court ordered respondent to file an answer showing cause why the petition should not be

granted, or in the alternative, a motion to dismiss on procedural grounds.  Respondent chose

the latter course, and has filed a motion to dismiss the petition on the ground that the petition

is barred by the applicable one-year statute of limitations.  See 28 U.S.C. § 2244(d).

Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

In 1990, in the Superior Court of Los Angeles County ("Superior Court"), petitioner

was convicted of attempted murder, with enhancements for great bodily injury and the use of

a firearm.  He was sentenced to a term of twelve years to life in state prison.  On June 30,

2004, the California Board of Prison Hearings ("BPH"), for the fourth time, denied petitioner

1    parole.  (MTD Ex. B at 108.)  The BPH's decision became final on October 28, 2004.  (Id. at

2    113.)

3         On May 15, 2005, petitioner's attorney filed in the Superior Court a state habeas

4    petition challenging the BPH's decision.  (MTD Ex. D.)  The Superior Court denied the

5    petition on July 27, 2005.  (Id.)  On September 29, 2005, petitioner's attorney filed in the

6    California Court of Appeal a state habeas petition raising the same claims that had been

7    presented to the Superior Court.  (MTD Ex. F.)  The California Court of Appeal denied the

8    petition on October 6, 2005.  (Id.)  On November 28, 2005, petitioner's attorney filed in the

9    California Supreme Court a state habeas petition raising the same claims that had been

10   presented to the Superior Court and the California Court of Appeal.  (MTD Ex. E.)  The

11   California Supreme Court denied the petition on October 11, 2006.  (Id.)

12        On March 13, 2007, the instant petition was filed in federal court.  Petitioner claims

13   the denial of parole violated his right to due process because (1) there was not "some

14   evidence" to support the determination that petitioner posed an unreasonable threat to public

15   safety, and (2) the BPH relied solely on the commitment offense to find petitioner ineligible

16   for parole.

17                                   **DISCUSSION**

18   A.    Standard of Review

19        The Antiterrorism and Effective Death Penalty Act of 1996 became law on April 24,

20   1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas

21   corpus filed by state prisoners.  See 28 U.S.C. § 2244(d)(1).  The one-year limitations period

22   applies to all habeas petitions filed by persons in custody pursuant to the judgment of a state

23   court, even if the petition challenges a pertinent administrative decision rather than a state

24   court judgment.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004).

25        Respondent moves to dismiss the instant petition on the ground that it was filed in

26   excess of the one-year limitations period.  In opposition, petitioner argues the petition is

27   timely because: (1) he is entitled to a longer period of statutory tolling than the period

28   calculated by respondent, and (2) he is entitled to equitable tolling of the limitations period.

United States District Court
For the Northern District of California

2

1    The Court will address the parties' arguments as they apply to each of the relevant

2    tolling periods.

3    B.    Commencement of the Limitations Period

4        The statute of limitations set forth at 28 U.S.C. § 2244(d)(1) includes four possible

5    starting dates for the one-year limitations period. See 28 U.S.C. § 2244(d)(1)(A)-(D). For

6    prisoners challenging administrative decisions such as the denial of parole, § 2244(d)(1)(D)

7    applies. See Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003). Under that sub-

8    section, a federal habeas petition filed by a prisoner challenging an administrative decision

9    must be filed within one year of "the date on which the factual predicate of the claim or

10   claims presented could have been discovered through the exercise of due diligence." 28

11   U.S.C. § 2244(d)(1)(D). The "factual predicate" of a claim is the date on which the

12   administrative decision being challenged became final; it is not the date on which the

13   petitioner's state habeas petition was denied. See Shelby, 391 F.3d at 1066 (holding

14   limitations period began to run day after prisoner received timely notice of denial of

15   administrative appeal challenging disciplinary decision); Redd, 343 F.3d at 1079 (holding

16   limitations period began to run when Board of Prison Terms denied prisoner's administrative

17   appeal challenging decision denying parole).

18       Respondent argues, and petitioner does not dispute, that the BPH's decision denying

19   parole became final on October 28, 2004. (MTD Ex. B at 113.) Under Redd, that is the date

20   on which petitioner could have learned of the factual basis for his claims that the BPH's

21   decision violated due process; the one-year limitations period therefore began to run the next

22   day, on October 29, 2004. See Redd, 343 F.3d at 1082.[1] Accordingly, the presumptive filing

23   date for petitioner's federal habeas petition was one year later, on October 29, 2005. As the

24   instant petition was not filed until March 13, 2007, the petition is untimely, absent statutory

25

26       [1]The one-year period is calculated in accordance with Rule 6(a) of the Federal Rules
     of Civil Procedure, the general rule for counting time in federal courts. See Patterson v.
27   Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under Rule 6(a), "the day of the act, event, or
     default from which the designated period of time begins to run shall not be included" in
28   calculating the designated period of time. Fed. R. Civ. P. 6(a).

1   or equitable tolling.

2   C.    <u>Statutory Tolling</u>

3         The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

4   which a properly filed application for State post-conviction or other collateral review with

5   respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statute

6   of limitations is not tolled, however, during the time between the date on which the relevant

7   final decision under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state

8   collateral challenge is filed.  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  Thus, in

9   the instant case, the statute began to run on October 29, 2004, the day after the BPH's

10  decision became final, and continued to run for 198 days, until petitioner's attorney filed a

11  state habeas petition in the Superior Court on May 15, 2005.

12        Ordinarily, the one-year limitations period is tolled under § 2244(d)(2) from the time a

13  California prisoner files his first state habeas petition until the California Supreme Court

14  rejects his final collateral challenge.  <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2006).

15  Consequently, in the instant case, the limitations period would toll continuously from

16  May 15, 2005, when petitioner filed his first state habeas petition in the Superior Court, until

17  October 11, 2006, when the California Supreme Court denied his final state habeas petition.

18  <u>See</u> <u>Redd</u>, 343 F.3d at 1084 (holding prisoner challenging administrative decision receives

19  statutory tolling under § 2244(d)(2) for period during which state habeas petitions are

20  pending).

21        Respondent argues that petitioner is not entitled to such continuous tolling of the

22  limitations period, however, because petitioner unreasonably delayed in filing his state

23  habeas petition in the Court of Appeal.  In opposition, petitioner argues the delay should be

24  excused because it was the result of attorney negligence.

25        The Court now reviews petitioner's state habeas petitions in order to determine

26  whether statutory tolling is available for each of the time periods during which those petitions

27  were pending in state court.

28

4

United States District Court
For the Northern District of California

1

1.      Superior Court Petition

As noted above, a state habeas petition was filed on petitioner's behalf in the Superior

Court on May 15, 2005, and the Superior Court denied the petition on June 27, 2005.  (MTD

Ex. D.)  There is no dispute that the limitations period was tolled during the entire period said

petition was pending in the Superior Court.

2.      Court of Appeal Petition

Again as noted, petitioner's attorney filed a petition in the Court of Appeal on

September 29, 2005, more than three months after the Superior Court petition was denied,

and the Court of Appeal denied the petition on October 6, 2005.  As discussed above,

ordinarily petitioner would be entitled to continuous tolling from the time his first state

habeas petition was filed in the Superior Court until his final state habeas petition was denied

by the California Supreme Court.  Respondent argues that petitioner is not entitled to

statutory tolling for the 93 days that passed between the denial of his Superior Court petition

and the filing of his Court of Appeal petition, however, because the delay in filing the latter

petition was unreasonable.[2]

Under California's collateral review process, for purposes of § 2244(d)(2), the time

between a lower court decision and the filing of a new petition in a higher court is treated as

time the petition is pending as long as the state court does not dismiss the petition as untimely

and the intervals between petitions are "reasonable."  Saffold, 536 U.S. at 223-26.  Where

there is no clear indication from the state court as to whether the petition was timely under

California law, however, the federal court must itself examine the delay and determine

whether the petition was filed within what California would consider a reasonable period of

time.  Evans v. Chavis, 546 U.S. 189, 197-98 (2006).  Even when a California state habeas

petition is denied on the merits, the federal court must determine whether the petition was

_____

[2]The Court notes that respondent has calculated the period of delay as 94 days;
respondent's calculation appears not to take into account the requirement under Rule 6(a) of
the Federal Rules of Civil Procedure, noted above, that "the day of the act, event, or default
from which the designated period of time begins to run shall not be included" in calculating
the designated period of time.  Applying Rule 6(a), the Court finds the period of delay at
issue was 93 days, not 94 days.

United States District Court
For the Northern District of California

1   timely, if the issue of timeliness was not addressed expressly by the state court.  Id.

2          Here, the Court of Appeal, in drying petitioner's habeas petition, ruled as follows:

3          The petition for writ of habeas corpus filed herein September 29, 2005
           has been read and considered.  The petition is denied.  (In re Rosenkratnz
4          (2002) 29 Cal.4th 616, 667; In re Dannenberg (2005) 34 Cal.4th 1061.)

5   (MTD Ex. F.)  The cases cited by the Court of Appeal stand for the proposition that a

6   decision by the BPH to deny parole will be upheld if there is sufficient evidence to support

7   the BPH's determination of parole unsuitability.  Accordingly, as the Court of Appeal

8   addressed petitioner's claims on the merits and did not expressly address the question

9   whether the petition was timely, this Court must make the determination whether the petition

10  was filed within what California would consider a reasonable period of time.  See Chavis,

11  546 U.S. at 197-98.

12         In Chavis, there was an unexplained six-month delay between the denial of the

13  petitioner's state habeas petition in the California Court of Appeal and the filing of his

14  subsequent petition in the California Supreme Court.  Chavis found the delay unreasonable,

15  holding as follows:

16         Six months is far longer than the short periods of time, 30 to 60 days, that most
           States provide for filing an appeal to the state supreme court.  It is far longer
17         than the 10-day period California gives a losing party to file a notice of appeal
           in the California Supreme Court.  We have found no authority suggesting, nor
18         found any convincing reasons to believe, that California would consider an
           unjustified or unexplained 6-month delay reasonable.  Nor do we see how an
19         unexplained delay of this magnitude could fall within the scope of the federal
           statutory word "pending" as interpreted in [Carey v. Saffold].
20

21  Id. at 201 (internal quotations and citations omitted).

22         Thus, Chavis made clear that, in California, an unjustified delay of six months is

23  presumptively unreasonable; further, Chavis stressed that because of the continued lack of

24  clarification from the California Supreme Court as to the scope of the words "reasonable

25  time" in the context of delayed petitions, the federal courts would assume that "California's

26  'reasonable time' standard would not lead to filing delays substantially longer than those in

27  States with determinate timeliness rules."  Id. at 199-200.  As set forth in the above-quoted

28  holding, Chavis found "most states" allow for filing delays of no longer than 30 to 60 days.

6

See id. at 201.

In the instant case, the length of the delay at issue is 93 days.  Although the Ninth Circuit has not addressed the applicability of Chavis to a period of delay of less than ten months, see Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding no statutory tolling for unexplained periods of delay of 10, 15 and 18 months between filings of California habeas petitions), numerous district courts have found unjustified filing delays unreasonable where such delays were similar or shorter in length than the delay herein, see, e.g., Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding unjustified 97-day and 71-day delays unreasonable); Livermore v. Watson, 2008 WL 802330, *4 (E.D. Cal. March 26, 2008) (finding unjustified 78-day delay unreasonable); Hunt v. Felker, 2008 WL 364995, *3 (E.D. Cal. Feb. 8, 2008) (finding unjustified 70-day delay unreasonable); Young v. Hickman, 2008 WL 361011, *3 (E.D. Cal. Feb. 8, 2008) (finding unjustified 95-day delay unreasonable); Bridges v. Runnels, 2007 WL 2695177, *2 (E.D. Cal. Sep. 11, 2007) (finding unjustified 76-day delay unreasonable); Johnson v. Yates, 2007 WL 1750231, *1 (N.D.Cal. June 15, 2007) (finding unjustified 3-month delay unreasonable); Dorthick v. Hamlet, 2007 WL 1430041, at *3 (N.D. Cal. May 14, 2007) (finding unjustified 97-day and 174-day delays unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. March 15, 2007) (finding unjustified 88-day delay unreasonable); cf. White v. Ollison, 530 F. Supp. 2d 1077, 1082 (C.D. Cal. Oct. 17, 2007) (finding justified 76-day delay reasonable); Byrnes v. Folsom State Prison Warden, 2006 WL 3028418, at *2 (E.D. Cal. Oct. 24, 2006) (finding justified 88-day delay reasonable).

Applying the guidelines set forth in Chavis to the instant matter, the Court finds a filing delay of 93 days is "substantially longer" than the 30 to 60-day delays allowed in states with determinate timeliness rules, see Chavis, 546 U.S. at 200, and that, absent justification, California would consider such delay unreasonable.

Petitioner attempts to justify the delay by arguing that his attorney acted negligently by miscalculating the one-year limitations period for filing a federal habeas petition.  In support of his argument, petitioner has attached to his opposition copies of letters sent by

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  petitioner to his attorney, in which letters petitioner, following the denial of the Superior

2  Court petition, asks his attorney to expedite the filing of his state habeas petition in the Court

3  of Appeal.  (Opp. Ex. A, letters dated Aug. 3, 2005 & Aug. 14, 2005.)  Petitioner also has

4  attached a letter written thereafter to petitioner by his attorney, in which letter the attorney

5  states petitioner's state habeas petition was filed in the Court of Appeal on September 27,

6  2005.[3]

7         The Ninth Circuit has found California's timeliness rule bars habeas petitions that are

8  filed after "substantial delay"; consequently, a habeas petitioner in California must justify

9  any significant or substantial delay in seeking habeas corpus relief.  King v. Lamarque, 464

10  F.3d 963, 966 (9th Cir. 2006) (citing In re Clark, 5 Cal. 4th 750, 750-51 (1993)); see In re

11  Robbins, 18 Cal. 4th 770, 805 (1998) ("A claim or subclaim that is substantially delayed will

12  nevertheless be considered on the merits if the petitioner can demonstrate 'good cause' for

13  the delay.")  The California courts, however, have not provided standards to assist in the

14  determination of whether any particular length of delay is justified.  See King, 464 F.3d at

15  966.  Here, in making that determination, the Court, for the following reasons, finds the

16  Court of Appeal would not have found petitioner's claim of attorney negligence

17  demonstrated good cause for the 93-day delay in the filing of the petition in that court.

18         At the outset, the Court notes the record does not support petitioner's assertion that his

19  attorney miscalculated the one-year limitations period.  As noted above, only 198 days of the

20  limitations period had run as of the date the Superior Court denied petitioner's habeas

21  petition.  Thus, even though petitioner's counsel waited 93 days to file in the Court of

22  Appeal, those additional three months resulted in only 291 days of the limitations period (198

23  days plus 93 days) elapsing as of the time of such filing.  Consequently, as of the date of the

24  Court of Appeal's decision, 74 days of the limitations period remained, ample time for

25  petitioner's attorney to file a petition in the California Supreme Court and thereafter in

26  federal court without running afoul of § 2244.  Such circumstances do not suggest that

27  

28         [3]According to the undisputed record in this matter, the actual filing date of the petition in the Court of Appeal was September 29, 2005.  (MTD Ex. F.)

United States District Court
For the Northern District of California

petitioner's attorney miscalculated the one-year period of limitations; accordingly, the Court of Appeal would not have found the 93-day filing delay was justified by any such asserted miscalculation.

Additionally, even if petitioner's attorney had miscalculated the one-year limitations period, petitioner has cited no California case, and the Court is aware of none, holding an attorney's miscalculation of a <u>federal</u> statute of limitations demonstrates good cause for the delayed filing of a <u>state</u> habeas petition.  In particular, the federal statute of limitations at issue herein cannot be calculated until a state habeas petitioner has proceeded through all levels of state habeas corpus review and filed a habeas petition in federal court.  As a result, at the time petitioner filed his habeas petition in the Court of Appeal, that court could not have determined that petitioner's future federal habeas petition would be found untimely due to any miscalculation of the federal statute of limitations.  Accordingly, the Court of Appeal would have had no grounds on which to find petitioner had demonstrated good cause for the delayed filing of his petition in that court.

Finally, even if the Court of Appeal had found petitioner's attorney acted negligently because he delayed in filing the Court of Appeal petition based on a miscalculation of the federal statute of limitations, it is not likely the Court of Appeal would have concluded that such negligence constituted good cause to excuse the filing delay.  <u>Cf.</u> <u>Lawrence v. Florida</u>, 127 S. Ct. 1079, 1085 (2007) (holding attorney's miscalculation of limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling of one-year statute of limitations in noncapital cases); <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1055 (2002) (same).

Based on the foregoing, the Court finds the Court of Appeal would have rejected petitioner's argument that miscalculation of the federal statute of limitations by petitioner's attorney justified the delayed filing of petitioner's state habeas petition.  Accordingly, as the 93-day delay between the denial of the Superior Court petition and the filing of the Court of Appeal petition was both unreasonable and unjustified, petitioner is not entitled to statutory tolling for that period.

United States District Court
For the Northern District of California

1      The parties do not dispute that petitioner is entitled to statutory tolling from

2 September 29, 2005, the date on which the petition was filed in the Court of Appeal, until

3 October 6, 2005, the date on which the Court of Appeal denied the petition.  Thus, by the

4 time the petition that had been filed in the Court of Appeal was denied, 291 days of the

5 limitations period had run.

6         3.   <u>Supreme Court Petition</u>

7      As noted, petitioner's attorney filed a state habeas petition in the California Supreme

8 Court on November 28, 2005.  Respondent does not argue that the 53 days that elapsed

9 between the denial of the Court of Appeal petition and the filing of the California Supreme

10 Court petition constituted unreasonable delay, and <u>Chavis</u> would not support such a finding.

11 Consequently, the statute of limitations was tolled from the date on which the Court of

12 Appeal denied the petition until the California Supreme Court denied the petition on

13 October 11, 2006.[4]  At that time, 74 days of the limitations period remained in which

14 petitioner could have filed a timely federal petition.

15         4.   <u>Federal Petition</u>

16      On October 12, 2006, the day after the California Supreme Court's denial, the statute

17 of limitations began to run, and it continued to do so until petitioner filed the instant petition.

18 By respondent's calculations, the statute ceased running on March 13, 2007, the date on

19 which the petition was filed in federal district court.  (Docket No. 1.)  Petitioner argues,

20 however, that he is entitled to a filing date of February 28, 2007, the date on which he

21 delivered the petition to prison officials for mailing.  Respondent, in his reply, has not

22 addressed petitioner's argument.

23      Under the mailbox rule, a pro se prisoner's notice of appeal is deemed filed on the

24 date of its submission to prison authorities for mailing to the court, as opposed to the date of

25

26         [4]Petitioner argues the statute of limitations was tolled for an additional thirty days
27 after the Supreme Court's decision, until November 11, 2006, the date, according to
petitioner, on which the decision became final.  Petitioner is mistaken; orders by the
28 California Supreme Court denying a petition for a writ of habeas corpus within its original
jurisdiction are final on filing.  <u>See</u> Cal. Rule of Court 8.532(b)(2).

its receipt by the court clerk.  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).  For purposes of

calculating the one-year limitations period, the mailbox rule applies to the filing of habeas

petitions.  <u>See</u> <u>Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2001), <u>vacated and</u>

<u>remanded on other grounds</u>, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002) (holding pro se prisoner's

federal habeas petition deemed filed when prisoner delivers petition to prison authorities for

mailing).  To benefit from the mailbox rule, a prisoner must meet two requirements: (1) he

must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison

authorities for forwarding to the court.  <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir.

2003).

As noted, petitioner claims that, under the mailbox rule, he is entitled to a filing date

of February 28, 2007.  In support of such argument, petitioner states he delivered the instant

petition to prison officials for mailing on the same date the petition was signed, further noting

that both the petition and proof of service attached thereto are signed and dated February 28,

2007.[5]  As respondent has not produced any evidence to rebut the evidence offered by

petitioner, the Court finds petitioner is entitled to a filing date of February 28, 2007.  <u>See</u>

<u>Caldwell v. Amend</u>, 30 F.3d 1199, 1202 (9th Cir. 1994) (holding when pro se petitioner

produces evidence of timely compliance with filing deadline by submitting document to

prison officials, burden shifts to opposing party to produce sufficient evidence in support of

contrary factual finding).

Based on the foregoing, the Court finds the instant petition was filed in federal court

140 days after the California Supreme Court's denial of petitioner's state habeas petition.  As

noted above, however, at the time of the Supreme Court's denial only 74 days of the

---

[5]The petition in fact includes two proofs of service: one signed and dated February 28, 2007, and one signed and dated March 6, 2007.  Additionally, the envelope in which the petition was received by the Clerk of the Court bears a correctional officer's signature dated March 6, 2007, and a postmark of March 7, 2007.  Consequently, there is some evidence to suggest the petition was not delivered to prison officials for mailing until March 6, 2007.  Petitioner explains, however, that he learned on March 6, 2007 that prison officials had not yet sent out his petition, and that he gave them another copy of the petition to send out with a new proof of service.  As respondent has not presented evidence to rebut petitioner's explanation, the Court accepts petitioner's explanation.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  limitations period remained.  Accordingly, as the instant petition was filed 66 days in excess

2  of the limitations period, the petition is untimely unless petitioner can show he is entitled to

3  equitable tolling of the statute of limitations.

4  D.    Equitable Tolling

5        The United States Supreme Court has "never squarely addressed the question whether

6  equitable tolling is applicable to [the one-year] statute of limitations."  Pace v. DiGuglielmo,

7  544 U.S. 408, 418 n.8 (2005).  The Ninth Circuit has held, however, that the one-year

8  limitations period may be equitably tolled.  See Calderon v. United States District Court

9  (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by

10  Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

11        Equitable tolling is applicable only "if extraordinary circumstances beyond a

12  prisoner's control make it impossible to file a petition on time."  Roy v. Lampert, 455 F.3d

13  945, 950 (9th Cir. 2006).   Specifically, the prisoner must show that the extraordinary

14  circumstances were the cause of his untimeliness.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th

15  Cir. 2003).  Equitable tolling is justified in few cases, as the threshold necessary to trigger

16  such tolling is very high.  Id.  The petitioner bears the burden of showing that he is entitled to

17  equitable tolling, and the determination whether such tolling applies is a fact-specific inquiry.

18  Id.

19        Here, petitioner argues he is entitled to equitable tolling for the 93 days between the

20  denial of his state habeas petition by the Superior Court and the filing of his petition in the

21  Court of Appeal because his attorney miscalculated the limitations period.  As discussed

22  above, however, there is insufficient evidence to support a finding that petitioner's attorney

23  did, in fact, miscalculate the statute of limitations.  Further, even if he did so, such negligence

24  would not justify equitable tolling of the limitations period.  See Lawrence, 127 S. Ct. at

25  1085 (holding attorney's miscalculation of limitations period and negligence in general do

26  not constitute extraordinary circumstances sufficient to warrant equitable tolling of one-year

27  statute of limitations in noncapital cases); Frye, 273 F.3d at 1146 (same).  Accordingly,

28  petitioner is not entitled to equitable tolling for the 93-day period of delay before his petition

1   was filed in the Court of Appeal.

2          Petitioner further argues he is entitled to equitable tolling for the 54 days that elapsed

3   beginning on the date on which the California Supreme Court denied his habeas petition,

4   October 11, 2006, to the date on which his attorney received notice of such denial,

5   December 4, 2006.  In support thereof, petitioner relies on a letter to petitioner dated

6   December 4, 2006, in which petitioner's attorney informed petitioner that the California

7   Supreme Court had denied petitioner's habeas petition on October 11, 2006, but that "for

8   some reason, the court mailed the decision to a very old office address of mine and I only

9   found out about the decision this afternoon."  (Opp. Ex. A, letter dated Dec. 4, 2006.)

10          If petitioner could prove that the California Supreme Court mistakenly mailed notice

11  of the denial of petitioner's habeas petition to an address other than the most recent address

12  provided to it by petitioner's attorney, such mistake might constitute the type of

13  extraordinary circumstance outside petitioner's control that would entitle petitioner to

14  equitable tolling for the relevant time period.  Standing alone, however, the December 4,

15  2006 letter written by petitioner's attorney proves at most that petitioner's attorney told

16  petitioner that the delay in notifying petitioner about the denial occurred for the reasons

17  stated in the letter.  In order to establish that events transpired as related by petitioner's

18  attorney, however, petitioner would have to provide admissible evidence, in the form of a

19  declaration from petitioner's attorney, that the California Supreme Court sent the notice of

20  denial to an old address, that the Supreme Court earlier had been provided with a new

21  address, and that petitioner's attorney did not receive notice from the Supreme Court until

22  December 4, 2006.  As petitioner has not provided such evidence, the record is inadequate to

23  establish that he is entitled to equitable tolling for the 54-day period between October 11,

24  2006 and December 4, 2006.

25          Moreover, even if the record did establish that petitioner is entitled to such tolling, the

26  instant petition would still be untimely.  In particular, the petition, without equitable tolling,

27  is 66 days late; with 54 days of equitable tolling, the petition would be 12 days late.

28          Finally, petitioner argues he is entitled to equitable tolling for the one-week period

**United States District Court**
For the Northern District of California

1   that elapsed between the date on which his attorney wrote the December 4, 2006 letter and

2   the date on which petitioner received the letter.  The Court is aware of no case holding that

3   the ordinary lapse of time that occurs from the date on which a letter is mailed to a petitioner

4   by his attorney to the date on which such letter is received by the petitioner constitutes an

5   extraordinary circumstance that warrants equitable tolling.  Here, according to petitioner, his

6   attorney mailed him a letter on the same date the attorney received notice of the denial from

7   the California Supreme Court, and petitioner received the letter within a week; on these facts,

8   petitioner is not entitled to equitable tolling for such period.

9          In sum, as the instant petition was filed 66 days in excess of the one-year period of

10  limitations and petitioner is not entitled to equitable tolling, the motion to dismiss will be

11  granted and the petition will be dismissed as untimely.

12                                 **CONCLUSION**

13         For the foregoing reasons, respondent's motion to dismiss the petition as untimely is

14  hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

15         This order terminates Docket No. 7.

16         The Clerk shall close the file.

17         IT IS SO ORDERED.

18  DATED: June 13, 2008

19                                      _____
                                        MAXINE M. CHESNEY
20                                      United States District Judge

21

22

23

24

25

26

27

28